UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>SAFINA N. MBAZIRA,<br>        DEBTOR. | Chapter 11<br>Case No. 13-16586-WCH |
| SAFINA N. MBAZIRA,<br>        PLAINTIFF,<br>v.<br>OCWEN LOAN SERVICING, LLC,<br>U.S. BANK N.A., AS TRUSTEE OF<br>THE J.P. MORGAN MORTGAGE<br>ACQUISITION CORP. 2005-FRE1<br>ASSET BACKED PASS-THROUGH<br>CERTIFICATES, SERIES 2005-FRE1,<br>AND JPMORGAN CHASE & CO.,<br>        DEFENDANTS. | Adversary Proceeding<br>No. 14-1055 |

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Motion of the Defendant, U.S. National Bank Association[1], to Dismiss Count I of Debtor's Complaint" (the "Motion to Dismiss") filed by U.S. National Bank Association ("U.S. Bank"), the "Objection to Motion of US Bank to Dismiss" (the "Objection") filed by Safina Mbazira (the "Debtor"), and the "Motion by Defendant [U.S. Bank] for Certification of State Law Question to Massachusetts Supreme

---

[1] As Trustee relating to J.P. Morgan Mortgage Acquisition Corp. 2005-FRE1 Asset Backed Pass-Through Certificates, Series 2005-FRE1.

1

Judicial Court" (the "Motion to Certify Question") filed by U.S. Bank. The question presented, as described by the Motion to Certify Question, is

> Whether a mortgage encumbering registered land, whose certificate of acknowledgement mistakenly omits the mortgagor's name, but which mortgage was accepted by the Land Court for registration and is noted on the certificate of title of such registered land, provides constructive notice.[2]

Put another way, the parties seek a determination whether *In re Giroux*[3] and *In re Bower*,[4] which both held that such a defect rendered a mortgage recorded in the registry of deeds incapable of providing constructive notice, applies to an equally defective instrument registered in the Massachusetts Land Court and noted on the certificate of title. For the reasons set forth below, I will deny the Motion to Dismiss and the Motion to Certify Question.

## II. <u>BACKGROUND</u>

For the purposes of a motion to dismiss, I must assume the truth of all well-pleaded facts set forth in the complaint.[5] In any event, the facts are not in dispute and the parties agree that the Motion to Dismiss presents a pure question of law.

The Debtor is the sole owner of real property located at 977 Trapelo Road in Waltham, Massachusetts (the "Property").[6] The purchase of the Property was financed through Fremont Investment & Loan ("Fremont") on July 25, 2005.[7] As part of that transaction, the Debtor

---

[2] Motion to Certify Question, Docket No. 22 at 2.

[3] *Agin v. Mortg. Elec. Registration Sys. (In re Giroux)*, No. 08–14708, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) *aff'd Mortg. Elec. Registration Sys. v. Agin*, No. 09–CV–10988, 2009 WL 3834002 (D. Mass. Nov. 17, 2009).

[4] *Agin v. Mortg. Elec. Registration Sys. (In re Bower)*, 10-10993-WCH, 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010)

[5] *See Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 15 (1st Cir. 2003).

[6] Complaint, Docket No. 1 at ¶ 12.

[7] *Id.* at ¶ 13.

2

executed two promissory notes in favor of Fremont in the original principal amounts of $528,000.00 (the "First Note") and $132,000.00 (the "Second Note") and granted a first and second mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fremont, to secure the respective obligations under the notes (the "First Mortgage" and the "Second Mortgage," respectively).[8] On July 26, 2005, the deed transferring the Property to the Debtor was registered in the Middlesex South Registry District of the Land Court (the "Land Court") and noted on certificate of title No. 234510 (the "Certificate of Title"), as were both the First Mortgage and Second Mortgage.[9] On July 23, 2008, an assignment of the First Mortgage dated June 20, 2008, purporting to assign the First Mortgage from MERS to U.S. Bank as trustee, was registered in the Land Court and noted on the Certificate of Title (the "Assignment").[10]

The Debtor filed her Chapter 11 petition on November 12, 2013. On "Schedule A – Real Property" ("Schedule A"), the Debtor listed a fee simple interest in the Property which she valued at $576,400.00, subject to secured claims in the amount of $770,182.60. On "Schedule C – Property Claimed As Exempt" ("Schedule C"), the Debtor claimed an exemption in the Property in the amount of $500,000.00 pursuant to Mass. Gen. Laws ch. 188, § 3.

On February 25, 2014, the Debtor commenced the present adversary proceeding, seeking, *inter alia*, a determination that the First Mortgage is invalid pursuant to 11 U.S.C § 506(d) and thus preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. As grounds therefor, the Debtor alleged that the certificate of acknowledgement (the "Acknowledgement") affixed to the

---

[8] *Id.* at ¶¶ 18-19, 28.

[9] *Id.* at ¶¶ 12, 17, 28.

[10] *Id.* at ¶ 20.

3

First Mortgage was materially defective because it failed to identify the Debtor as the person who executed the First Mortgage. The Acknowledgement, which was attached to the Motion to Dismiss, reads as follows:

> Commonwealth of Massachusetts,                                    County ss:
>
> On this 25th day of July, before me, the undersigned notary public, personally appeared
>
> proved to me through satisfactory identification, which was/were [illegible], to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose
>
> /s/ Patricia J. Stokes-Ramos
> Patricia J. Stokes-Ramos
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires
> June 20, 2008[11]

The blank space between "personally appeared" and "proved to me" is where the notary should have inserted the Debtor's name. I further note that the Acknowledgement does not indicate the year in which it was executed.

After several extensions to file an answer, U.S. Bank instead filed the Motion to Certify Question on May 23, 2014, asserting that "the notice provided by a mortgage containing a purportedly defective acknowledgement noted on the certificate of title of *registered land* appears to be an issue of first impression," making certification to the Supreme Judicial Court of Massachusetts appropriate.[12] Reasoning that consideration of the Motion to Certify Question was premature in the absence of an answer, I continued it generally and ordered U.S. Bank to file a responsive pleading. On June 3, 2014, U.S. Bank filed the Motion to Dismiss accompanied by

---

[11] Exhibit B, Docket No. 31.

[12] Motion to Certify Question, Docket No. 22 at ¶ 3 (emphasis in original).

a supporting memorandum. The Debtor filed the Objection on July 5, 2014. I heard the Motion to Dismiss on July 9, 2014, and, at the conclusion of oral arguments, took the matter under advisement. I have since consolidated my consideration of the Motion to Dismiss with the Motion to Certify Question.

### III. POSITIONS OF THE PARTIES

A. U.S. Bank

U.S Bank asserts that the Debtor cannot prevail on her complaint because she cannot establish that the First Mortgage fails to give constructive notice. While U.S. Bank concedes that the nature of the defect in the Acknowledgement is the same as it was in *In re Giroux* and *In re Bower*, it nonetheless contends that the registered land system is governed by a distinct set of statutory provisions and principles that mandate a different result. Indeed, U.S. Bank notes that the analyses of both of those decisions was informed by reference to Mass. Gen. Laws ch. 183, §§ 4, 29, and 30, which do not apply to the registered land system.

U.S. Bank begins from the premise that the Massachusetts registered land system is designed to promote certainty of title and, unlike recorded land, has gone through an adjudication process to quiet title. This alone, it posits, suggests a very different result. Moreover, U.S. Bank asserts that pursuant to Mass. Gen. Laws ch. 185, §§ 46, 57, and 58, the act of registration of an instrument affecting registered land itself operates as constructive notice to third parties. Also, it states that pursuant to Mass. Gen. Laws ch. 185, § 67, a mortgage takes effect upon registration. Furthermore, relying on *Doyle v. Commonwealth*,[13] U.S. Bank argues that certificates of title are "'conclusive as to all matters contained therein.'"[14] U.S. Bank thus urges that a bona fide

---

[13] *Doyle v. Commonwealth*, 444 Mass. 686 (2005).

[14] *Id.* at 690-691 (*quoting* Mass. Gen. Laws ch. 185, § 54).

5

purchaser need only look at the certificate of title and would therefore be charged with constructive notice of the First Mortgage.

B. The Debtor

The Debtor asserts that the First Mortgage is unperfected in light of the material defect contained within the Acknowledgement, allowing her to avoid it pursuant to 11 U.S.C. §§ 544(a)(3) and 1107 as a bona fide purchaser regardless of actual knowledge. She argues that the distinction between registered land and recorded land makes no difference in this context and *In re Giroux* and *In re Bower* should control. The Debtor relies on Mass. Gen. Laws ch. 185, § 58 for the proposition that the provisions of law relative to recorded land also apply to registered land. As such, she contends registration is simply a procedure and cannot essentially repair a material defect. Although the Debtor concedes there is no Massachusetts case law on the subject, she cites *In re Goheen*[15] as a case having a substantially similar fact pattern where the Chapter 13 trustee was able to avoid an unperfected mortgage noted on the certificate of title in Ohio.

**IV. DISCUSSION**

A. The Rule 12(b)(6) Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Bankruptcy Rule 7012(b), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "In

---

[15] *Burks v. Deutche Bank Nat'l Trust Co. (In re Goheen)*, 490 B.R. 730, 741 (Bankr. S.D. Ohio 2012) *aff'd*, 10-16427, 2012 WL 2709802 (S.D. Ohio Jul. 6, 2012).

[16] *See Hunnicutt v. Green (In re Green)*, BAP MB 13-061, 2014 WL 3953470, *5 (B.A.P. 1st Cir. Aug. 6, 2014).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*quoting Bell Alantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

6

deciding a motion to dismiss, however, a court is not always limited to the facts alleged in the plaintiff's complaint."[18] To the contrary,

> [i]n cases where "a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."[19]

The Debtor does not contest the authenticity of the Acknowledgement attached to the Motion to Dismiss and agrees that it may be considered at this stage.

B. *In re Giroux* and *In re Bower*

To inform the present dispute, a brief discussion of *In re Giroux* and *In re Bower* is warranted. In *In re Giroux*, Judge Feeney of this district considered whether the failure to list the mortgagor's name in a mortgage acknowledgement was a material defect that should have prevented the mortgage from having been accepted for recordation under Mass. Gen. Laws ch. 183, § 29.[20] That section provides in relevant part:

> No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates . . .[21]

Recognizing there were no Massachusetts decisions directly on point, Judge Feeney relied on *McOuatt v. McOuatt*,[22] a case in which the Supreme Judicial Court explained:

> [O]rdinarily an acknowledgment is not an essential part of a deed; but if it is desired to record the deed in order to charge the world with notice of the

---

[18] *Rederford v. U.S. Airways, Inc.*, 586 F. Supp. 2d 47, 50 (D.R.I. 2008).

[19] *Machado v. Sanjurjo*, 559 F. Supp. 2d 167, 171-172 (D.P.R. 2008) (*quoting Beddall v. State St. Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

[20] *In re Giroux*, 2009 WL 1458173, at *8.

[21] Mass. Gen. Laws ch. 183, § 29.

[22] *McOuatt v. McOuatt*, 320 Mass. 410, 414 (1946).

7

conveyance, then it is necessary that the deed be acknowledged and that a certificate reciting this fact be attached to the deed. Doubtless, that is the principal function of a certificate of acknowledgment.[23]

She found that the Supreme Judicial Court signaled its adherence to the requirement of expressly stating that the execution of an instrument is the grantor's free act or deed by holding:

> [T]here is no finding that McOuatt, after he signed the deed, ever said a word to the one who made out the certificate of acknowledgment. On the other hand, there is an express finding that he did not say anything indicating that he acknowledged the instrument as his free act and deed. The master has set forth all the subsidiary findings relative to this matter of acknowledgment. We are unable to discover anything in his report that would justify a conclusion that McOuatt acknowledged the instrument of conveyance to be his free act and deed. The only conclusion that can be reached from the report is that the deed was not duly acknowledged as required by the statute.[24]

In light of this authority, Judge Feeney reasoned that Massachusetts requires strict formality in the execution of mortgage acknowledgements, rendering the omission of the debtor's name from the acknowledgement a patent and material defect.[25]

In the absence of such strict formality, Judge Feeney looked to *Graves v. Graves*[26] to determine the consequences of the mortgage's improvident recordation.[27] In that case, the Supreme Judicial Court held that an

> instrument of defeasance, not being acknowledged, was improvidently admitted to registration, and the record does not operate as constructive notice of the execution of the assignment of the equity of redemption, as against an attaching creditor of the equity; and therefore the title of the attaching creditor, though subsequent in time, takes precedence of the assignment.[28]

---

[23] *McOuatt v. McOuatt*, 320 Mass. at 413-14,

[24] *Id.* at 414.

[25] *In re Giroux*, 2009 WL 1458173, at *8.

[26] *Graves v. Graves*, 72 Mass. 391 (1856).

[27] *In re Giroux*, 2009 WL 1458173, at *10.

[28] *Graves v. Graves*, 72 Mass. at 392-393.

8

She also quoted *Dole v. Thurlow*[29] where the Supreme Judicial Court similarly held:

> [I]t appears to us, that the revised statutes do not alter the law in this respect. By the former St. of 1783, c. 37, and the decisions under it, the law was, that by the execution and delivery of a deed, the estate passed, as between grantor and grantee, and the grantee became seized. But to give it full effect, as against purchasers and creditors of the grantor, recording was necessary; and as a prerequisite to recording, acknowledgment, or proof by one or more subscribing witnesses, was necessary. *Actual recording, without one of there prerequisites, would not give effect to the deed.*[30]

With these cases in mind, Judge Feeney predicted that the Supreme Judicial Court would conclude that a mortgage containing a materially defective acknowledgement, though recorded, would not give constructive notice to a bona fide purchaser.[31] Accordingly, she held that the Chapter 7 trustee, having the rights and powers of a bona fide purchaser under 11 U.S.C. § 544(a)(3) without regard to his actual knowledge, could avoid the mortgage.[32]

On appeal, the United States District Court for the District of Massachusetts affirmed, agreeing that because Massachusetts is a strict formality state, the Supreme Judicial Court would likely hold that the omission of the mortgagor's name from the acknowledgement was not a purposeless formality.[33] Approximately one year later, I was faced with the same question in *In re Bower* and reached the same conclusion as Judge Feeney in *In re Giroux*.[34]

---

[29] *Dole v. Thurlow*, 53 Mass. 157, 1846 WL 4099 (1846).

[30] *In re Giroux*, 2009 WL 1458173, at *10 (*quoting Dole v. Thurlow*, 53 Mass. 157, 1846 WL 4099 at *4 (citations omitted)) (emphasis in original).

[31] *Id.*

[32] *Id.*

[33] *Mortg. Elec. Registration Sys., Inc. v. Agin*, 2009 WL 3834002, at *2.

[34] *In re Bower*, 2010 WL 4023396, at *5-6.

C. Registered Land

In Massachusetts, real property may be either registered or unregistered, which is also referred to as recorded.[35] Most real property in Massachusetts is unregistered land and is conveyed by the delivery of a deed.[36] Even without recording the deed in the appropriate registry, the transfer of unregistered land is valid as between the parties, their heirs, devisees, and other persons with actual notice of the deed.[37] If, however, the deed "is recorded in the registry of deeds for the county or district in which the land to which it relates lies," third parties are then said to have constructive notice of the deed's existence.[38]

In contrast, "[r]egistered land is not recorded in the same manner as other real estate, but is governed by Massachusetts statutes codifying a version of what is commonly referred to as a 'Torrens System' for the registration of land titles."[39] The land registration system was enacted in 1898,[40] "to provide a means by which the title to land may be readily and reliably ascertained."[41] "The intent of the statute was to simplify land transfer and to provide bona fide purchasers with conclusiveness of title."[42] To this end, "[r]egistered land has gone through an

---

[35] *Bailey v. Wells Fargo Bank (In re Bailey)*, 468 B.R. 464, 477 n. 19 (Bankr. D. Mass. 2012)

[36] *Id.*

[37] *See* Mass. Gen. Laws ch. 183, § 4.

[38] *Id.*

[39] *In re Bailey*, 468 B.R. at 477 n. 19 (*citing* The Torrens System, 25 Law. & Banker. Cent. L.J. 226 (1932)). *See Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980); *McQuesten v. Commonwealth*, 198 Mass. 172, 177 (1908).

[40] Mass. Gen. Laws ch. 185, as inserted by St. 1898, c. 562, § 2. *See Killam v. March*, 316 Mass. 646, 648 (1944).

[41] *State St. Bank & Trust Co. v. Beale*, 353 Mass. 103, 107 (1967).

[42] *Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. at 43. *See Feinzig v. Ficksman*, 42 Mass. App. Ct. 113, 116 (1997) ("The purpose of the statute (G.L. c. 185) that establishes the Land Court and the land title registration system is to provide a method for making titles to land certain, indefeasible, and readily ascertainable.").

10

adjudication process in order to quiet title, and 'the Commonwealth guarantees and insures the title to land that is registered.'"[43]

Upon entry of the judgment of registration, a certified copy of the judgment is sent to the register of deeds so the judgment, including all encumbrances, can be transcribed in a registration book, creating an original certificate of title.[44] Once a certificate of title is issued, "every subsequent purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate" with the exception of certain encumbrances specified by statute such as taxes, federal tax liens, betterment assessments, and leases for a term not exceeding seven years.[45] As such, it is generally said that "a person examining a certificate of title in the land registry is entitled to the conclusion that the property is not encumbered by anything that does not show on the certificate."[46]

The Supreme Judicial Court has recognized two exceptions to the general rule that subsequent purchasers take free from all encumbrances except those noted on the certificate. The first exception is straightforward—a purchaser takes subject to an unregistered interest, such as an easement or restriction, if the purchaser had actual knowledge of the unregistered interest.[47] The second exception, which is more nuanced, applies when "there were facts described on [the] certificate of title which would prompt a reasonable purchaser to investigate further other

---

[43] *In re Bailey*, 468 B.R. at 478 n. 19 (*quoting* 28 Mass. Prac., Real Estate Law § 22.1). *See* Mass. Gen. Laws ch. 185, §§ 26-45 (provisions relative to the original registration of land), 101 (grounds for recovery from assurance fund).

[44] Mass. Gen. Laws ch. 185, §§ 48, 49.

[45] Mass. Gen. Laws ch. 185, § 46.

[46] *Feinzig v. Ficksman*, 42 Mass. App. Ct. at 116.

[47] *See, e.g.*, *Jackson v. Knott*, 418 Mass. 704, 711 (1994); *Killam v. March*, 316 Mass. at 651.

11

certificates of title, documents, or plans in the registration system."[48] This exception has been applied in cases where a registration decree and certificate of title contained a general reference to rights granted by a recorded subdivision plan or deed, reasoning that even without specificity, a purchaser has notice of the unregistered interest and would investigate further.[49]

Once land is registered, an owner "may convey, mortgage, lease, charge or otherwise deal with it as fully as if it had not been registered," and "may use forms of deeds, mortgages, leases or other voluntary instruments, like those now in use, sufficient in law for the purpose intended."[50] Notably, however, these instruments, with few exceptions not relevant here, will not "take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the recorder or assistant recorder to make registration."[51] Indeed, "[t]he act of registration only shall be the operative act to convey or affect the land."[52] If an owner desires to convey registered land, the owner must execute a deed of conveyance which either the grantor or grantee must present to the assistant recorder, who will then make out a new

---

[48] *Jackson v. Knott*, 418 Mass. at 711.

[49] *See Myers v. Salin*, 13 Mass. App. Ct. 127, 136–37 (1982) (finding that where the servient certificate of title contained a general reference to the existence of easements and an explicit reference to deeds containing beach rights and a right of way, the requirements of Mass. Gen. Laws ch. 185, §§ 46 and 47 were satisfied); *Clark v. Plauche*, 09 MISC 406438 KFS, 2013 WL 5969042 (Mass. Land Ct. Nov. 7, 2013) (finding that a precise reference to a recorded deed and plan on a certificate of title put certificate holder on notice of rights granted under the deed); *but see Jackson v. Knott*, 418 Mass. at 712 (while certificate holders were required to review the subdivision plan referred to in their certificates of title, as well as the certificates of other lot holders in the subdivision, none of those documents would have put them on notice as to what parties were granted use of a right of way).

[50] Mass. Gen. Laws ch. 185, § 57.

[51] *Id.*

[52] *Id. See Malaguti v. Rosen,* 262 Mass. 555, 567 (1928) ("Registration is the act which passes title and is the act of the court.").

certificate of title to the grantee and stamp the grantor's surrendered certificate of title "canceled."[53]

Similarly, Mass. Gen. Laws ch. 185, § 67, which applies to registering mortgages, provides:

> The owner of registered land may mortgage it by executing a mortgage deed. Such deed may be assigned, extended, discharged, released in whole or in part, or otherwise dealt with by the mortgagee by any form of deed or instrument sufficient in law for the purpose. But such mortgage deed, and all instruments which assign, extend, discharge and otherwise deal with the mortgage, shall be registered, and shall take effect upon the title only from the time of registration.[54]

Registration of a mortgage or other encumbrance, however, does not trigger a new adjudication of the status of title. Instead, "the assistant recorder shall enter upon the certificate of title a memorandum of the purport of the mortgage deed, the time of filing and the file number of the deed, and shall sign the memorandum."[55] Only when there is a question or dispute as to the proper memorandum to be made in pursuance of an instrument does the assistant recorder refer the matter to the Land Court for a full hearing.[56]

Unlike the recorded land system, there is no express requirement in the statutory provisions governing registered land that a deed must be acknowledged as a prerequisite to registration.[57] Indeed, Chapter 185 only expressly mandates three documents be acknowledged: (1) a power of attorney for any person procuring land for another; (2) a revocation of such a

---

[53] Mass. Gen. Laws ch. 185, § 64.

[54] Mass. Gen. Laws ch. 185, § 67.

[55] Mass. Gen. Laws ch. 185, § 68.

[56] Mass. Gen. Laws ch. 185, § 60.

[57] *See* Mass. Gen. Laws ch. 183, § 29.

13

power of attorney; and (3) a written instrument withdrawing land from the registration system.[58] Nevertheless, Mass. Gen. Laws ch. 185, § 58, which is titled "Notice of registering, filing or entering," provides:

> Every conveyance, lien, attachment, order, decree, instrument or entry affecting registered land, *which would under other provisions of law, if recorded, filed or entered in the registry of deeds, affect the land to which it relates*, shall, if registered, filed or entered in the office of the assistant recorder of the district where the land to which such instrument relates lies, be notice to all persons from the time of such registering, filing or entering.[59]

Although this section is somewhat awkwardly phrased, it essentially states that an instrument that would legally affect land if recorded in the registry of deeds will provide notice to all persons if registered.[60] Thus, Mass. Gen. Laws ch. 185, § 58 incorporates the filing standards for recorded land, including Mass. Gen. Laws ch. 183, §§ 29 and 30, into the land registration system as the condition for the act of registration to be notice to third parties.[61]

---

[58] *See* Mass. Gen. Laws ch. 185, §§ 52, 110.

[59] Mass. Gen. Laws ch. 185, § 58 (emphasis added).

[60] In U.S. Bank's memorandum of law in support of the Motion to Dismiss, U.S. Bank purportedly quotes Mass. Gen. Laws ch. 185, § 58 as follows:

> Every conveyance, lien, attachment, order, decree, instrument or entry affecting registered land . . . shall, if registered, filed or entered in the office of the assistant recorder of the district where the land to which such instrument relates lies, be notice to all persons from the time of such registering, filing or entering.

Memorandum in Support of [Motion to Dismiss], Docket No. 31 at 6-7. As is apparent, U.S. Bank omits all references to the recordation of the instrument in the registry of deeds, thus suggesting that all registered instruments give notice to all persons. While I concede the language is somewhat difficult to parse, U.S. Bank's interpretation is wholly unsupportable as it simply strikes all language that interferes with its preferred reading. Worse, presenting it as a quotation is palpably misleading. U.S. Bank's counsel would be well advised to exercise more care while quoting in the future.

[61] This is consistent with the Land Court's application of the acknowledgement requirement of Mass. Gen. Laws ch. 183, § 29 to the land registration system notwithstanding its clear statutory reference to instruments being "recorded." *See Petrozzi v. Peninsula Council, Inc.*, 07 MISC. 349279 GHP, 2011 WL 1459694, at *16 (Mass. Land Ct. Apr. 14, 2011) (holding that "[i]t is true that if the [instrument purporting to impose restrictions on various parcels] was to have been accepted for registration, and to be noted on the Certificate, it required some manner of acknowledgment compliant with G.L. c. 183, § 30."); *Zona v. Zona*, 22902-S-2005-06-001, 2008 WL 97425, at *3-6 (Mass. Land Ct. Jan. 9, 2008) (holding that a deed that was registered but not acknowledged by the grantor pursuant to Mass. Gen. Laws ch. 183, §§ 29 and 30 was defective); *see also* Commonwealth of Massachusetts Land Court

14

D. <u>Avoidance of Unperfected Interest Pursuant to 11 U.S.C. § 544(a)(3)</u>

Pursuant to 11 U.S.C. § 544(a)(3), a trustee is vested with the rights of a hypothetical bona fide purchaser of real property "without regard to the knowledge of the trustee or of any creditor."[62] These rights are defined by reference to state law.[63] Section 1107(a) of the Bankruptcy Code grants these same rights to a Chapter 11 debtor in possession.[64] Accordingly, whether the Debtor may avoid the First Mortgage depends solely on whether the Debtor had constructive notice.

In the present case, the Acknowledgement omits the Debtor's name, as well as the year from the date. In *In re Bower*, I agreed with Judge Feeney's conclusion in *In re Giroux* that the Supreme Judicial Court would hold that an acknowledgement that does not state the name of the mortgagor is materially defective.[65] Therefore, I find that the Acknowledgement is materially defective.

I do not understand U.S. Bank to dispute the material defectiveness of the Acknowledgement—they do not address need to or requirements for acknowledgement at all—but instead urge that the land registration system is so different from the recorded land system that a different result is warranted. Essentially, U.S. Bank posits that under a plain reading of Mass. Gen. Laws ch. 185, §§ 46, 57, and 58, all parties are charged with constructive notice of

---

Guidelines on Registered Land, 1 (Rev. Feb. 27, 2009), http://www.mass.gov/courts/docs/courts-and-judges/courts/land-court/guidelines-registered-land.pdf (requiring that deeds, including mortgage deeds, must be acknowledged in accordance with Mass. Gen. Laws ch. 183, § 29).

[62] 11 U.S.C. § 544(a)(3).

[63] *See In re Giroux*, 2009 WL 1458173 at *10 (*citing Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.)*, 172 B.R. 159, 162 (Bankr. D. Mass. 1994). *See also Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)); *Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502 (1st Cir.1988).

[64] 11 U.S.C. § 1107(a).

[65] *In re Bower*, 2010 WL 4023396, at *4.

any encumbrances noted on the certificate of title of registered land. Therefore, U.S. Bank reasons, the Debtor has constructive notice of the First Mortgage because it appears on the Certificate of Title. Ultimately, this argument is flawed for several reasons.

As I noted above, U.S. Bank reads Mass. Gen. Laws ch. 185, § 58 wholly out of context.[66] It does not provide that every registered instrument provides notice to all persons, but only those "which would under other provisions of law, if recorded, filed or entered in the registry of deeds, affect the land to which it relates."[67] Because a mortgage with a defective acknowledgement should not be accepted for recordation under Mass. Gen. Laws ch. 183, § 29, and, under the common law, does not give constructive notice if it is improperly recorded, the registration of the First Mortgage does not, as a matter of law, provide notice to third parties under Mass. Gen. Laws ch. 185, § 58. In this way, unacknowledged instruments are treated the same in both the registered and unregistered (recorded) land systems.

The fact that the First Mortgage appears on the Certificate of Title does not change this result. While Mass. Gen. Laws ch. 185, § 46 provides that a "purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate,"[68] that must be read in conjunction with Mass. Gen. Laws ch. 185, § 58 which governs when a registered instrument is notice to third parties.[69] The Supreme Judicial Court has recognized that "applicable rules of statutory construction require

---

[66] *See* n. 60, *supra*.

[67] Mass. Gen. Laws ch. 185, § 58.

[68] Mass. Gen. Laws ch. 185, § 46.

[69] U.S. Bank's reliance on the Certificate as being "conclusive to all matters contained therein," is actually a reference to Mass. Gen. Laws ch. 185, § 54, which states the evidentiary effect of the original and certified copies of a certificate of title. It is, in any event, expressly subject to the proviso: "except as otherwise provided in this chapter." Mass. Gen. Laws ch. 185, § 54.

courts to 'construe statutes that relate to the same subject matter as a harmonious whole and avoid absurd results.'"[70] It would be absurd if, on one hand, the statute precluded the First Mortgage from giving notice of itself on account of its defective acknowledgement, but, on the other, treated its notation on the Certificate as notice to all parties. I concede, however, that this issue ultimately may be so abstract and esoteric that it could only exist as a practical matter in an avoidance action under 11 U.S.C. § 544(a)(3) where a Trustee or debtor in possession may cast off the burden of actual notice and adopt the persona of a bona fide purchaser who, by definition, lacks actual notice.

This result is also consonant with the purpose of the registered land system and time honored principles of Massachusetts law. While it is often said that "[t]he purpose of land registration is to provide a means by which the title to land may be readily and reliably ascertained,"[71] the Supreme Judicial Court has also stated that "[i]t is clear from the history of the Torrens system that the underlying purpose of title registration *is to protect the transferee* of a registered title."[72] Indeed, registration protects bona fide purchasers from unregistered interests, unless they have actual notice or the certificate of title contains facts that would prompt a further investigation of the registration system.[73] Moreover, a contrary ruling would effectively mean that registered mortgages do not require an acknowledgement, the very proof

---

[70] *Connors v. Annino*, 460 Mass. 790, 796 (2011) (*quoting Canton v. Commissioner of the Mass. Highway Dep't*, 455 Mass. 783, 791–792 (2010)).

[71] *State St. Bank & Trust Co. v. Beale*, 353 Mass. at 107.

[72] *Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. at 44.

[73] *Jackson v. Knott*, 418 Mass. at 711.

that the mortgagor validly executed the encumbrance appearing on the certificate. Such a practice would hardly make "the title to land . . . readily and *reliably* ascertained."[74]

In sum, because the First Mortgage cannot give constructive notice of itself, the Debtor has stated a plausible claim for relief and dismissal is unwarranted.[75] Moreover, as resolution of the issue was apparent from the statutory text, certification to the Supreme Judicial Court is unnecessary.

## V. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion to Dismiss and the Motion to Certify Question.

                                                             _William C. Hillman_
                                                             _____
                                                             William C. Hillman
                                                             United States Bankruptcy Judge

Dated: September 11, 2014

Counsel Appearing:

    Kate P. Foley, Christine E. Devine, Mirick, O'Connell, DeMallie & Lougee, LLP,
        Westborough, MA,
            for the U.S. National Bank
    David G. Baker, Law Office of David G. Baker, Boston, MA,
        for the Debtor

---

[74] *State St. Bank & Trust Co. v. Beale*, 353 Mass. at 107 (emphasis added).

[75] In fact, because the salient facts are not in dispute, the Debtor has done more than demonstrate a plausible claim—she has proven it. The Court cannot, however, enter judgment on the pleadings *sua sponte*. See Fed. R. Civ. P. 12(c), made applicable to adversary proceedings by Fed. R. Bank. P. 7012(b).