UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
SAFINA N. MBAZIRA,                          Chapter 11
                    DEBTOR.                  Case No. 13-16586-WCH

_____

SAFINA N. MBAZIRA,
                    PLAINTIFF,
                                            Adversary Proceeding
v.                                          No. 14-1055

OCWEN LOAN SERVICING, LLC,
U.S. BANK N.A., AS TRUSTEE OF
THE J.P. MORGAN MORTGAGE
ACQUISITION CORP. 2005-FRE1
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-FRE1,
AND JPMORGAN CHASE & CO.,
                    DEFENDANTS.

_____

**MEMORANDUM OF DECISION**

## I. **INTRODUCTION**

The matters before the Court are cross-motions for summary judgment filed by the

plaintiff Safina Mbazira (the "Debtor") and the defendant, U.S. Bank National Association[1]

("U.S. Bank").  In light of my prior ruling that a mortgage which contains an acknowledgment

that mistakenly omits the mortgagor's name but is nevertheless accepted by the Land Court for

registration and is noted on the certificate of title of such registered land does not give

constructive notice to third parties, the Debtor now seeks judgment as a matter of law on his

_____
[1] As Trustee relating to J.P. Morgan Mortgage Acquisition Corp. 2005-FRE1 Asset Backed Pass-Through
Certificates, Series 2005-FRE1.

complaint.[2]   U.S. Bank opposes, asserting that subsequent purchasers are charged with constructive notice of the mortgage due to the existence of facts contained in subsequent properly registered documents noted on the certificate of title.  For the reasons set forth below, I will enter summary judgment in favor of the Debtor.

## II. <u>BACKGROUND</u>

The facts are not in dispute and the parties agree that the present adversary proceeding concerns purely a question of law.

The Debtor is the sole owner of real property located at 977 Trapelo Road in Waltham, Massachusetts (the "Property").[3]   The Debtor's purchase of the Property was financed through Fremont Investment & Loan ("Fremont") on July 25, 2005.[4]   As part of that transaction, the Debtor executed two promissory notes in favor of Fremont in the original principal amounts of $528,000.00 (the "First Note") and $132,000.00 (the "Second Note") and granted a first and second mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fremont, to secure the respective obligations under the notes (the "First Mortgage" and the "Second Mortgage," respectively).[5]   On July 26, 2005, the deed transferring the Property to the Debtor was registered in the Middlesex South Registry District of the Land Court (the "Land Court") and noted on certificate of title No. 234510 (the "Certificate of Title"), as were both the First Mortgage and Second Mortgage.[6]

---

[2] *See Mbazira v. Ocwen Loan Serv., LLC (In re Mbazira)*, 518 B.R. 11 (Bankr. D. Mass. 2014)

[3] Complaint, Docket No. 1 at ¶ 12.

[4] *Id.* at ¶ 13.

[5] *Id.* at ¶¶ 18-19, 28.

[6] *Id.* at ¶¶ 12, 17, 28.

On July 23, 2008, an assignment of the First Mortgage dated June 20, 2008, purporting to assign the First Mortgage from MERS to U.S. Bank as trustee, was registered in the Land Court and noted on the Certificate of Title (the "Assignment").[7]   On its face, the Assignment references the First Mortgage and its details, including the identity of the mortgagor and mortgagee, the date of execution, the principal amount of the loan, and the property street address.[8]   The Assignment also lists the First Mortgage's Land Court instrument registration number, as well as the registration number for the Certificate of Title.[9]   The Debtor does not contest that the Assignment was properly registered, but nonetheless questions its validity by alleging the signing vice-president lacked authority to execute the Assignment.[10]

Seeking to foreclose on the First Mortgage, U.S. Bank, in compliance with the Servicemembers Civil Relief Act,[11] obtained an "Order of Notice" from the Land Court on September 20, 2013.[12]   Like the Assignment, the Order of Notice identifies, *inter alia*, the mortgagor and mortgagee, the date the First Mortgage was executed, its instrument registration number, and the registration number of the Certificate of Title.[13]   On October 4, 2013, the Order of Notice was registered with the Land Court and noted on the Certificate of Title.[14]

---

[7] *Id.* at ¶ 20.

[8] Ex. B, Docket No. 59-1.

[9] *Id.*

[10] Complaint, Docket No. 1 at ¶¶ 20-25.

[11] 50 U.S.C. App. § 501 *et seq.*

[12] Ex. C, Docket No. 59-1.

[13] *Id.*

[14] *Id.*

The Debtor filed her Chapter 11 petition on November 12, 2013.  On "Schedule A – Real Property" ("Schedule A"), the Debtor listed a fee simple interest in the Property which she valued at $576,400.00, subject to secured claims in the amount of $770,182.60.  On "Schedule C – Property Claimed As Exempt" ("Schedule C"), the Debtor claimed an exemption in the Property in the amount of $500,000.00 pursuant to Mass. Gen. Laws ch. 188, § 3.

On February 25, 2014, the Debtor commenced the present adversary proceeding, seeking, *inter alia*, a determination that the First Mortgage is invalid pursuant to 11 U.S.C § 506(d) and thus preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.  As grounds therefor, the Debtor alleged that the certificate of acknowledgment (the "Acknowledgment") affixed to the First Mortgage was materially defective because it failed to identify the Debtor as the person who executed the First Mortgage.  The Acknowledgment, which was attached to the Motion to Dismiss, reads as follows:

Commonwealth of Massachusetts,                                    County ss:

On this 25th day of July, before me, the undersigned notary public, personally appeared


proved to me through satisfactory identification, which was/were [illegible], to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose

                                        /s/ Patricia J. Stokes-Ramos
                                        Patricia J. Stokes-Ramos
                                        Notary Public
                                        Commonwealth of Massachusetts
                                        My Commission Expires
                                        June 20, 2008[15]

---

[15] Exhibit B, Docket No. 31.

The blank space between "personally appeared" and "proved to me" is where the notary should have inserted the Debtor's name.  I further note that the Acknowledgment does not indicate the year in which it was executed.

After several extensions to file an answer, U.S. Bank instead filed the "Motion by Defendant [U.S. Bank] for Certification of State Law Question to Massachusetts Supreme Judicial Court" (the "Motion to Certify Question") on May 23, 2014, asserting that "the notice provided by a mortgage containing a purportedly defective acknowledgement noted on the certificate of title of *registered land* appears to be an issue of first impression," making certification to the Supreme Judicial Court of Massachusetts appropriate.[16]  Reasoning that consideration of the Motion to Certify Question was premature in the absence of an answer, I continued it generally and ordered U.S. Bank to file a responsive pleading.  On June 3, 2014, U.S. Bank filed a motion to dismiss (the "Motion to Dismiss") accompanied by a supporting memorandum.  The Debtor filed an objection on July 5, 2014.  I heard the Motion to Dismiss on July 9, 2014, and, at the conclusion of oral arguments, took the matter under advisement.  I subsequently consolidated my consideration of the Motion to Dismiss with the Motion to Certify Question.

On September 11, 2014, I entered a Memorandum of Decision ("*Mbazira I*") and separate order denying the Motion to Dismiss and Motion to Certify Question.  As will be discussed in greater detail below, I reasoned that the filing standards for recorded land, including the acknowledgment requirements of Mass. Gen. Laws ch. 183, § 29,[17] are incorporated by

---

[16] Motion to Certify Question, Docket No. 22 at ¶ 3 (emphasis in original).

[17] Mass. Gen. Laws ch. 183, § 29 provides:

> No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due
> execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate

reference into the land registration system as the condition for the act of registration to be notice

to third parties.[18]   Therefore, applying the standards annunciated *In re Giroux*[19] and *In re

Bower,*[20] I concluded that the First Mortgage's acknowledgment was materially defective and

does not give notice to third parties.[21]   I further held that the notation of the First Mortgage on

the Certificate of Title does not change this result.[22]   Accordingly, I found that neither the First

Mortgage nor the Certificate of Title gives constructive notice of the First Mortgage to third

parties and denied the Motion to Dismiss.   Because I found the "resolution of the issue was

apparent from the statutory text," I also denied the Motion to Certify Question.[23]

Following my denial of the Motion to Dismiss, U.S. Bank filed an answer on September

25, 2014.   On October 8, 2014, the Debtor filed the "Plaintiff's Motion for Judgment on the

Pleadings" (the "Plaintiff's Motion").   On November 7, 2014, U.S. Bank filed the "Opposition of

Defendant, U.S. Bank National Association, to Plaintiff's Motion for Judgment on the

Pleadings" (the "Opposition") arguing that the properly registered Assignment and Order of

Notice provided inquiry notice of the First Mortgage.   U.S. Bank later filed a supplemental

opposition on January 23, 2015.   Neither party requested certification of the question to the

---

shall be recorded at length with the deed to which it relates; but this section shall not apply to
conveyances from the United States.

Mass. Gen. Laws ch. 183, § 29.

[18] *In re Mbazira*, 518 B.R. at 21.

[19] *Agin v. Mortg. Elec. Registration Sys. (In re Giroux)*, No. 08–14708, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) *aff'd Mortg. Elec. Registration Sys. v. Agin*, No. 09–CV–10988, 2009 WL 3834002 (D. Mass. Nov. 17, 2009).

[20] *Agin v. Mortg. Elec. Registration Sys. (In re Bower)*, 10-10993-WCH, 2010 WL 4023396 (Bankr. D. Mass. Oct. 13, 2010).

[21] *In re Mbazira*, 518 B.R. at 22.

[22] *Id.* at 23.

[23] *Id.* at 24.

Supreme Judicial Court.  I conducted a hearing on the Plaintiff's Motion on February 11, 2015.

At the conclusion of oral arguments, I took the matter under advisement.

After reviewing the Opposition and recognizing that the Order of Notice was neither attached to nor referenced in the complaint, I entered an order pursuant to Fed. R. Civ. P. 12(d), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b), converting the Plaintiff's Motion to one seeking summary judgment and affording the parties a brief opportunity to supplement their pleadings.[24]  Further, in light of the absence of any issues of material fact presented by this adversary proceeding, I directed U.S. Bank to indicate in writing whether it presently seeks judgment as a matter of law.  On February 27, 2015, U.S. Bank responded by filing a request for judgment as a matter of law.  On the same date, the Debtor filed a memorandum in support of summary judgment.  The matter is now ripe for determination.

### III. <u>POSITIONS OF THE PARTIES</u>

    A. <u>The Debtor</u>

In light of my holding in *Mbazira I* that *In re Giroux*[25] and *In re Bower*[26] apply with equal force to registered land, the Debtor contends that she is entitled to judgment as a matter of law.  In response to U.S. Bank's inquiry notice argument, she asserts that construing the subsequently registered documents as providing notice of the First Mortgage is illogical for several reasons.  First, relying on *Tramontozzi v. D'Amicis*,[27] the Debtor argues that Massachusetts does not recognize inquiry notice.  Second, even if the Assignment and Order of Notice provided facts that demanded an inquiry, that inquiry would simply lead back to the

---

[24] See Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.

[25] *In re Giroux*, 2009 WL 1458173, at *10-11.

[26] *In re Bower*, 2010 WL 4023396, at *5-6.

[27] *Tramontozzi v. D'Amicis*, 344 Mass. 514 (1962).

improvidently registered First Mortgage.  Third, the Debtor notes that "there is nothing magical in the act of recording an instrument with the registry that invests an otherwise meaningless document with legal effect."[28]  As such, she posits that the First Mortgage cannot be cleansed of its defects simply by virtue of its registration.  Finally, relying on *In re Ryan*,[29] the Debtor argues that "inquiry notice" is a type of actual notice, with which she cannot be imputed for avoidance purposes.

  B. <u>U.S. Bank</u>

   Even if the First Mortgage cannot provide constructive notice of itself, U.S. Bank argues that third parties are nonetheless charged with constructive notice of it due to facts on the Certificate of Title that would require further inquiry leading to the discovery of the First Mortgage.[30]  Citing *Jackson v. Knott*,[31] U.S. Bank asserts that "[s]tate law is clear . . . that . . . third parties have constructive notice of unregistered encumbrances if there are facts on the certificate of title that would prompt a further inquiry."[32]  Here, U.S. Bank points to the Assignment and Order of Notice, both of which were properly registered and noted on the Certificate of Title.[33]  Thus, U.S. Bank asserts that the reference to these documents, which are themselves riddled with references to the First Mortgage, and their notation on the Certificate of Title would place the Debtor on inquiry notice of the First Mortgage.

---

[28] *Bevilacqua v. Rodriguez*, 460 Mass. 762, 771 (2011).

[29] *Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502, 507 (1st Cir. 1988).

[30] U.S. Bank does not argue in favor of reconsideration of *Mbazira I* at this time, but expressly "reserves all rights of appeal related to the arguments raised in its Motion to Dismiss."  Opposition, Docket No. 58 at 12.

[31] *Jackson v. Knott*, 418 Mass. 704 (1994).

[32] Opposition, Docket No. 58 at 3.

[33] Because the Debtor does not dispute that the Assignment was properly registered, I omit discussion of U.S. Bank's arguments on this point.

U.S. Bank further contends that my ruling in *In re Nistad*[34] that a "validly recorded [a]ssignment does not provide constructive notice [of an unrecorded mortgage] because it is outside the chain of title," does not apply to registered land.  U.S. Bank posits that *Jackson v. Knott*, which recognizes a form of inquiry notice in the registered land system that charges third parties with "constructive notice of unregistered encumbrances discoverable after a review of the certificate of title," mandates a different conclusion when dealing with "properly-registered documents noted on a certificate of title of registered land."[35]  Indeed, U.S. Bank asserts that unlike *In re Nistad*, where the subsequent recorded documents were "out of the chain of title," the properly registered Assignment and Order of Notice appear on the Certificate of Title and contain facts alerting third parties to the First Mortgage's existence.

In sum, U.S. Bank urges me to find that the Debtor is not entitled to judgment because, given *Jackson v. Knott*, the Debtor cannot demonstrate she lacks constructive notice of the First Mortgage.

## IV. <u>DISCUSSION</u>

### A. <u>The Summary Judgment Standard</u>

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36]  "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving

---

[34] *DeGiacomo v. CitiMortgage, Inc. (In re Nistad)*, No. 10-17453-WCH, 2012 WL 272750, at *2 (Bankr. D. Mass. Jan. 30, 2012)

[35] "Supplement by [U.S. Bank] to [Opposition], as Modified Subsequent to Leave of Court Granted on January 13, 2015" (the "Supplemental Opposition"), Docket No. 71 at 4.

[36] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

party."[37]   Material facts are those having the potential to affect the outcome of the suit under the applicable law.[38]

The party seeking summary judgment "always bears the initial responsibility . . . of identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[39]   The nonmoving party must then "produce 'specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'"[40]   A trialworthy issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[41]   The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[42]

The United States Court of Appeals for the First Circuit has explained this provision to mean that the absence of a material factual dispute is a necessary condition, but not a sufficient one for summary judgment. [43]   The moving party, therefore, must show that it is entitled to judgment as a matter of law.[44]

---

[37] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[38] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[39] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

[40] *Triangle Trading Co.*, 200 F.3d at 2 (*quoting Morris v. Gov't Dev't Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994)).

[41] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[42] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[43] *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 764 (1st Cir. 1994).

[44] *Id.*

B. Avoidance of the First Mortgage Pursuant to 11 U.S.C. § 544(a)(3)

Pursuant to 11 U.S.C. § 544(a)(3), a trustee is vested with the rights of a hypothetical bona fide purchaser of real property and is empowered to avoid a transfer of property by the debtor to the extent that it is voidable by a bona fide purchaser.[45]   These rights and powers, which are defined by reference to state law,[46] are also granted to a Chapter 11 debtor in possession by 11 U.S.C. § 1107(a).[47]   The avoidance powers under 11 U.S.C. § 544(a)(3) are expressly exercised "without regard to the knowledge of the trustee or of any creditor."[48] Nevertheless, a trustee or debtor in possession is subject to any constructive notice imposed on purchasers under applicable state law, or any inquiry notice imposed by state law under the particular facts.[49]   To be clear, constructive notice, in contrast to actual knowledge, is notice imputed by statute or rule of law without regard to the facts known by the individual so charged.[50]   Inquiry notice, on the other hand, is merely a corollary to both actual and constructive notice:

> [I]nquiry notice is not entirely distinct from actual or constructive notice; rather, it is a duty of a purchaser to conduct a reasonable investigation upon gaining constructive or actual notice of facts which would make a prudent person suspicious. The doctrine is moored upon the existence of preliminary facts which serve to put the purchaser upon inquiry.[51]

---

[45] 11 U.S.C. § 544(a)(3).

[46] *See In re Giroux*, 2009 WL 1458173 at *10 (*citing Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.)*, 172 B.R. 159, 162 (Bankr. D. Mass. 1994). *See also Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)); *In re Ryan*, 851 F.2d at 507.

[47] 11 U.S.C. § 1107(a).

[48] 11 U.S.C. § 544(a)(3).

[49] *Collins v. Bank of New England West, N.A. (In re Daylight Dairy Products, Inc.)*, 125 B.R. 1, 3 (Bankr. D. Mass. 1991).

[50] *In re Ryan*, 851 F.2d at 506.

[51] *Id.* at 511.

Thus, in an avoidance action under 11 U.S.C. § 544(a)(3), a trustee or debtor in possession can only be placed on inquiry notice where state law charges bona fide purchasers with constructive notice of the facts that would compel a reasonable person to investigate further.[52]  Nevertheless, a court analyzing inquiry notice in such an avoidance action must exercise caution not to blur the lines between constructive and actual notice, which would ultimately result in the application of the wrong standard.[53]

The present case involves the registered land system, which I described at length in *Mbazira I*, and, therefore, I will limit my discussion here to only the most important concepts.[54] In Massachusetts, real property may be either registered or unregistered, which is also referred to as recorded.[55]  For recorded land, a deed, subject to certain filing requirements, "is recorded in the registry of deeds for the county or district in which the land to which it relates lies" and third parties are then said to have constructive notice of the deed's existence.[56]  Registered land, in contrast, has gone through an adjudication process in order to quiet title resulting in the issuance of an original certificate of title which includes a memorandum of all encumbrances.[57]  Once a certificate of title is issued, "every subsequent purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those

---

[52] *Id.  See Dwyer v. Rockland Trust Co. (In re Mammola)*, 474 B.R. 23, 31 (Bankr. D. Mass. 2012); *In re Coletta Bros. of N. Quincy, Inc.*, 172 B.R. at 163.

[53] *See In re Daylight Dairy Products, Inc.*, 125 B.R. at 4.  *Cf. Maine Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52, 55 (B.A.P. 1st Cir. 1983) *with Baldiga v. Golemo (In re Golemo)*, 494 B.R. 588, 593 (Bankr. D. Mass. 2013) *and In re Coletta Bros. of N. Quincy, Inc.*, 172 B.R. at 163.

[54] *In re Mbazira*, 518 B.R. at 18-22.

[55] *Bailey v. Wells Fargo Bank (In re Bailey)*, 468 B.R. 464, 477 n. 19 (Bankr. D. Mass. 2012)

[56] *See* Mass. Gen. Laws ch. 183, § 4.

[57] *See* Mass. Gen. Laws ch. 185, §§ 26-49.

noted on the certificate" with the exception of certain encumbrances specified by statute such as taxes, federal tax liens, betterment assessments, and leases for a term not exceeding seven years.[58]  As such, it is generally said that "a person examining a certificate of title in the land registry is entitled to the conclusion that the property is not encumbered by anything that does not show on the certificate."[59]

Constructive notice in the registered land system is governed by Mass. Gen. Laws ch. 185, § 58.  That section, which is titled "Notice of registering, filing or entering," provides:

> Every conveyance, lien, attachment, order, decree, instrument or entry affecting registered land, *which would under other provisions of law, if recorded, filed or entered in the registry of deeds, affect the land to which it relates*, shall, if registered, filed or entered in the office of the assistant recorder of the district where the land to which such instrument relates lies, be notice to all persons from the time of such registering, filing or entering.[60]

Put more simply, if an instrument would legally affect land if recorded in the registry of deeds, it will provide constructive notice to all persons if registered.  In *Mbazira I*, I concluded that this affirmative pronouncement implied the negative—that instruments that will *not* legally affect land if recorded will *not* be notice to all persons if registered—and thus incorporated the filing standards for recorded land into the registered land system.[61]  Therefore, because recordation in the registry of deeds requires a certificate of acknowledgment,[62] and a deed which has been improvidently admitted to the registry without being duly acknowledged does not operate as

---

[58] Mass. Gen. Laws ch. 185, § 46.

[59] *Feinzig v. Ficksman*, 42 Mass. App. Ct. 113, 116 (1997).

[60] Mass. Gen. Laws ch. 185, § 58 (emphasis added).

[61] *In re Mbazira*, 518 B.R. at 21.

[62] Mass. Gen. Laws ch. 183, § 29 ("No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it . . .").

constructive notice,[63] it necessarily follows that a mortgage with a materially defective acknowledgment is not notice to all persons if registered.[64]

Armed with this analysis, I held in *Mbazira I* that the First Mortgage, though accepted for registration, was not notice to all persons in light of the undisputed material defects in the Acknowledgment.[65]    I further reasoned Mass. Gen. Laws ch. 185, § 58 precluded an assertion that the notation of the First Mortgage on the Certificate of Title could provide better notice of the First Mortgage than the instrument itself.[66]   In closing, I recognized that

> a contrary ruling would effectively mean that registered mortgages do not require an acknowledgement, the very proof that the mortgagor validly executed the encumbrance appearing on the certificate. Such a practice would hardly make "the title to land . . . readily and *reliably* ascertained."[67]

Nevertheless, I conceded that "this issue ultimately may be so abstract and esoteric that it could only exist as a practical matter in an avoidance action under 11 U.S.C. § 544(a)(3)" where a plaintiff could "cast off the burden of actual notice."[68]

In response, U.S. Bank now posits that even if "we are blind to the mortgage itself," both the Assignment and the Order of Notice were properly registered and are notice to all persons pursuant to Mass. Gen. Laws ch. 185, § 58, "and there's no reason for our purchaser to be blind to those properly registered documents."[69]   From there, U.S. Bank further theorizes that a

---

[63] *Graves v. Graves*, 72 Mass. 391 (1856).

[64] *In re Mbazira*, 518 B.R. at 22.

[65] *Id.*

[66] *Id.* at 23 ("It would be absurd if, on one hand, the statute precluded the First Mortgage from giving notice of itself on account of its defective acknowledgement, but, on the other, treated its notation on the Certificate as notice to all parties.").

[67] *Id.* (*quoting State St. Bank & Trust Co. v. Beale*, 353 Mass. 103, 107 (1967)) (emphasis in original).

[68] *Id.*

[69] Trans. February 11, 2015 at 7:4-10.

hypothetical bona fide purchaser charged with constructive notice of these documents would also be on inquiry notice of the First Mortgage due to the references to it contained within the Assignment and Order of Notice.  Thus, notwithstanding my prior ruling in *Mbazira I*, the First Mortgage would be unavoidable pursuant to 11 U.S.C. § 544(a)(3).

Notably, I previously rejected this rationale with respect to the recorded land system in *In re Nistad* under nearly identical facts.[70]  Other courts had already observed that Massachusetts law does not recognize inquiry notice of unrecorded deeds or mortgages,[71] rendering such an instrument valid only against the grantor, his heirs and devisees, and persons having actual notice of it.[72]  In *In re Nistad*, I concluded that for notice purposes, there is no distinction between an instrument having been "invalidly recorded" and having "never been recorded at all."[73] Accordingly, I held that a mortgage that is improvidently recorded in light of a material defect in its acknowledgment, as well as "any document 'stemming from' an unrecorded instrument," must be similarly outside the chain of title and unable to provide notice.[74]  This view is supported by Mass. Gen. Laws ch. 183, § 29, which expressly provides that "[n]o deed shall be recorded unless a certificate of its acknowledgment" is attached.[75]  Therefore, *In re Nistad* stands for the proposition that if a deed is improvidently recorded due to a defective acknowledgment, the court must honor Mass. Gen. Laws ch. 183, § 29 by adopting a fiction that the deed is unrecorded and outside the chain of title.

---

[70] *In re Nistad*, 2012 WL 272750, at *1.

[71] *See In re Mammola*, 474 B.R. at 32; *In re Daylight Dairy Products, Inc.*, 125 B.R. at 3.

[72] Mass. Gen. Laws ch. 183, § 4.

[73] *In re Nistad*, 2012 WL 272750, at *5 n. 44.

[74] *Id.* at *5.

[75] Mass. Gen. Laws ch. 183, § 29.

U.S. Bank nonetheless contends that *In re Nistad* does not apply to the registered land system in light of the Supreme Judicial Court's decision in *Jackson v. Knott*.  In that case, the Supreme Judicial Court recognized an exception to the general rule that subsequent purchasers take free from all encumbrances except those noted on the certificate that applies where "there were facts described on [the] certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents, or plans *in the registration system*" and lead to the discovery of the encumbrance.[76]  Although clearly a form of inquiry notice, it is notably only an exception to the general rule that an encumbrance must be expressly noted on the certificate of title to be effective against a subsequent purchaser and not an exception to the requirement that an encumbrance be registered.  Indeed, *Jackson v. Knott* and its progeny make clear that the facts that would compel a party to inquire further must be found on the certificate of title and the encumbrance itself must be within the registration system.[77]

Admittedly, the underlying rationale of *In re Nistad* does not extend to registered land. Unlike recorded land, which mandates that "[n]o deed shall be recorded" without a valid certificate of acknowledgment,[78] registered land does not have an analogous provision barring

---

[76] *Jackson v. Knott*, 418 Mass. at 711 (emphasis added).

[77] *See id.* at 712 (while certificate holders were required to review the subdivision plan referred to in their certificates of title, as well as the certificates of other lot holders in the subdivision, none of those documents would have put them on notice as to what parties were granted use of a right of way); *Boivin v. Beckman*, 79 Mass. App. Ct. 1103 (2011) ("no amount of investigation on the defendant's part would have led to her discovery of the alleged parking easement, because no document in any relevant chain of title, including the plaintiffs', contains a declaration of any parking easement."); *Calci v. Reitano*, 66 Mass. App. Ct. 245, 249 (2006) (no duty to investigate documents predating registration); *Clark v. Plauche*, 09 MISC 406438 KFS, 2013 WL 5969042 (Mass. Land Ct. Nov. 7, 2013) (finding that a precise reference to a recorded deed and plan on a certificate of title put certificate holder on notice of rights granted under the deed); *Joannides v. Lilley*, No. 305228 (GHP), 2007 WL 2916471, at *4 (Mass. Land Ct. Oct. 9, 2007) (nothing on certificate of title or in registered documents would have prompted a further investigation leading to the discovery of undocumented easement); *see also Myers v. Salin*, 13 Mass. App. Ct. 127, 136–37 (1982) (finding that where the servient certificate of title contained a general reference to the existence of easements and an explicit reference to deeds containing beach rights and a right of way, the requirements of Mass. Gen. Laws ch. 185, §§ 46 and 47 were satisfied).

[78] Mass. Gen. Laws ch. 183, § 29.

registration of an unacknowledged instrument.  Nevertheless, I note, as I did in *Mbazira I*, that the Land Court's own guidelines for both registry personnel and the bar expressly require all deeds affecting registered land be acknowledged.[79]  The statute, however, only awkwardly implies that such an instrument does not give notice to third parties.[80]

Ultimately, U.S. Bank's invocation of *Jackson v. Knott* poses two questions: (1) whether the First Mortgage, notwithstanding the defective Acknowledgment and its inability to provide notice, is "in the registration system;" and (2) whether an investigation would lead to its discovery.  While the First Mortgage was indisputably accepted for registration, a closer reading of *Jackson v. Knott* with an eye towards the entire statutory scheme compels the conclusion that inquiry notice should not apply, at least in an avoidance action under 11 U.S.C. § 544(a)(3), to a registered instrument that is incapable of giving notice of itself.  In such a circumstance, the bankruptcy court must treat the registered instrument as undiscoverable.[81]

My analysis once again returns to Mass. Gen. Laws ch. 185, § 58, which provides that a recordable instrument, if registered, is notice to all persons.  This part is straightforward and akin to how the recorded land system operates.  Mass. Gen. Laws ch. 185, § 46, however, provides that bona fide purchasers of registered land take "free from all encumbrances except those noted on the certificate."[82]  Since this section seemingly allows a prospective purchaser to rely solely on the certificate of title, what happens when a registered instrument is inadequately noted?  Put

---

[79] Commonwealth of Massachusetts Land Court Guidelines on Registered Land, 1 (Rev. Feb. 27, 2009), http://www.mass.gov/courts/docs/courts-and-judges/courts/land-court/guidelines-registered-land.pdf (requiring that deeds, including mortgage deeds, must be acknowledged in accordance with Mass. Gen. Laws ch. 183, § 29).

[80] Mass. Gen. Laws ch. 185, § 58.

[81] For this reason, I need not reach the issue of whether the First Mortgage is, in fact, "in the registered land system" in light of its defective acknowledgement.

[82] As stated above, Mass. Gen. Laws ch. 185, § 46 also contains certain statutory exceptions for governmental liens which are not relevant here.

another way, if a purchaser is entitled to rely on the certificate of title, how can a registered instrument that is not reflected on the certificate of title be, in and of itself, notice to all persons? This is where inquiry notice as articulated by *Jackson v. Knott* arises.  "[A]nyone who seeks the protection of G.L. c. 185 must fulfil his or her obligation to 'investigate further other certificates of title, documents, or plans in the registration system' that are referenced on existing certificates of title for the land to be purchased."[83]   Essentially, a purchaser will take title subject to a registered encumbrance that is inadequately noted on the certificate of title if there are facts contained on it that would prompt a further investigation of documents in the registered land system and would lead to the discovery of the encumbrance.[84]   Thus, inquiry notice in the registered land system is best understood as way to harmonize the reliance provision of Mass. Gen. Laws ch. 185, § 46 and the notice provision of Mass. Gen. Laws ch. 185, § 58 when a notation on the certificate of title is inadequate.

In contrast, applying inquiry notice to an instrument that cannot give constructive notice of itself, as U.S. Bank would have me do, does not carry the same logical force.  Indeed, at first blush, the argument feels circuitous—if we are blind to the First Mortgage and its notation on the Certificate of Title, how can the subsequent Assignment or Order of Notice help us find it?  This recalls two points raised earlier about the concept of inquiry notice: (1) it is not a separate form of notice, but a corollary to both constructive and actual notice;[85] and (2) in an avoidance action under 11 U.S.C. § 544(a)(3), the court must not blur the lines between the two and impute actual notice to the plaintiff.[86]   In a scenario where, as in *Jackson v. Knott*, a notation on the certificate

---

[83] *Doyle v. Com.*, 444 Mass. 686, 693 (2005).

[84] *Jackson v. Knott*, 418 Mass. at 711.

[85] *In re Ryan*, 851 F.2d at 511.

[86] *In re Daylight Dairy Products, Inc.*, 125 B.R. at 4.

of title is simply inadequate, but facts on the certificate of title, which are notice to all persons, would compel a purchaser to search for and find a properly acknowledged registered encumbrance that is also be notice to all persons, inquiry notice would appear to be a species of constructive notice. Here, however, even if the initial facts that would prompt an inquiry stem from the Assignment and Order of Notice and are entitled to constructive notice, the discovery of the First Mortgage could only be based on actual notice in light of the defective Acknowledgment, rendering any inquiry notice a species of actual notice to which Debtor is not bound.[87]

Even assuming, *arguendo*, that inquiry notice is not barred in this case as a form of actual notice, I nonetheless predict that the Supreme Judicial Court would not apply inquiry notice to an instrument that does not give notice to all persons under Mass. Gen. Laws ch. 185, § 58. Notice is the backbone of any land record system, and the composition of both Chapter 183 (recorded land) and Chapter 185 (registered land) clearly evidence a legislative preference that certificates of acknowledgment accompany deeds by expressly conditioning notice to third parties on their existence. Thus, while the absence of a certificate of acknowledgment does not prevent an instrument from being accepted for registration,[88] it will prevent the registration of the instrument from being notice to all persons.[89] As I observed in *Mbazira I*, "unacknowledged instruments," in this regard, "are treated the same in both the registered and unregistered

---

[87] *See In re Golemo*, 494 B.R. at 593; *In re Mammola*, 474 B.R. at 31; *In re Coletta Bros. of N. Quincy, Inc.*, 172 B.R. at 163.

[88] Again, I am mindful that the Land Court Guidelines indicate a certificate of acknowledgement is required for registration of a deed or mortgage. *See* Commonwealth of Massachusetts Land Court Guidelines on Registered Land, 1 (Rev. Feb. 27, 2009), http://www.mass.gov/courts/docs/courts-and-judges/courts/land-court/guidelines-registered-land.pdf.

[89] Mass. Gen. Laws ch. 185, § 58.

19

(recorded) land systems."[90]  This gives credence to the contention that they should also be treated similarly for inquiry notice purposes.

Moreover, *Jackson v. Knott* described its concept of inquiry notice as an exception to the general rule that bona fide purchasers of registered land take "free from all encumbrances except those noted on the certificate."[91]  If, however, subsequent registered documents that merely reference an unacknowledged, but registered, instrument can charge a bona fide purchaser with notice of that unacknowledged instrument, then the exception would swallow the rule.[92]  Rather than conditioning notice to third parties on evidence that the execution of an instrument of conveyance was the grantor's "free act and deed" as the legislature intended, notice would instead hinge on whether there are suspicious facts on the certificate of title.[93]  Such a rule eviscerates Mass. Gen. Laws ch. 185, § 58, and renders proper certificates of acknowledgment unimportant, if not completely unnecessary, in the registered land system.  This would represent a fundamental departure from the conceptual underpinnings of land record systems.

Notwithstanding these systemic problems, U.S. Bank's position is also unsupported by the authority upon which it relies.  Notably, neither *Jackson v. Knott* nor any other case cited concern a defective acknowledgment.  This distinction is important as a defect in a mortgage's certificate of acknowledgment is not the problem the Supreme Judicial Court considered when it developed this concept of inquiry notice, and, frankly, I predict that the Supreme Judicial Court

---

[90] *In re Mbazira*, 518 B.R. at 22.

[91] Mass. Gen. Laws ch. 185, § 46.

[92] To be clear, the subsequent documents to which I refer are things like the Assignment or Order of Notice that simply refer to the First Mortgage, not a curative affidavit that specifically performs all the necessary functions of a proper acknowledgement in an effort to correct the prior defect in the original acknowledgement.  *See Bank of Am., N.A. v. Casey*, 517 B.R. 1, 2 (D. Mass. 2014).

[93] *McOuatt v. McOuatt*, 320 Mass. 410, 414 (1946).

would be loath to apply it in a manner that would facilitate the shirking of the mortgagor's responsibilities or, worse, noncompliance with the law.

Finally, the Supreme Judicial Court has previously stated that "there is nothing magical in the act of recording an instrument with the registry that invests an otherwise meaningless document with legal effect."[94]    Undoubtedly, this principle is no less critical to the act of registration in the registered land system.    Nevertheless, all U.S. Bank's arguments in this adversary proceeding essentially boil down to one assertion—registration of the First Mortgage renders the defective Acknowledgment irrelevant.    While the First Mortgage is not invalid, the Acknowledgment is, yet U.S. Bank would have the First Mortgage enjoy qualitatively better treatment notwithstanding the Acknowledgment simply by virtue of the First Mortgage's registration.    Ultimately, this only returns to the dispelled notion that every notation on a certificate of title enjoys the weight of a Land Court adjudication.

For all these reasons, I find that a hypothetical bona fide purchaser would not have notice of the First Mortgage.    Accordingly, the Debtor is entitled to avoid it pursuant 11 U.S.C. § 544(a)(3) and, as a result, judgment as a matter of law.

---

[94] *Bevilacqua v. Rodriguez*, 460 Mass. 762, 771 (2011).

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Plaintiff's Motion.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: March 31, 2015


Counsel Appearing:

    Kate P. Foley, Christine E. Devine, Mirick, O'Connell, DeMallie & Lougee, LLP,
        Westborough, MA,
          for the U.S. National Bank
    David G. Baker, Law Office of David G. Baker, Boston, MA,
          for the Debtor